Filed 1/31/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Appellant,<br>v.<br><br>YACOB DAIN,<br><br>     Defendant and Respondent. | A168286<br><br>(Sonoma County Super. Ct.<br> No. SCR-709053-1) |

This is the second appeal in this matter. In the first appeal, we remanded the matter for resentencing. In this appeal, the People challenge the sentence imposed by the trial court.

A jury found defendant Yacob Dain guilty of home invasion robbery, kidnapping, assault with a firearm, and additional offenses, and the trial court found true the allegations that he had two prior convictions for active gang participation that qualified as strikes under the Three Strikes law and as serious felony convictions under Penal Code section 667, subdivision (a) (§ 667(a)).

In the first appeal, we reversed the prior conviction findings and remanded to permit the prosecution to retry the prior conviction allegations under the current understanding of the gang participation offense. (*People v. Dain* (Dec. 21, 2021, A157756) 2021 WL 6031474, at *6 (*Dain*).) On remand, the prosecution chose to retry only one of the prior convictions, which was again found to be a strike and a serious felony conviction. The trial court

1

then granted defendant's *Romero*[1] motion to dismiss the prior strike conviction although the court had denied a similar request when it originally sentenced defendant.

The People now contend in this second appeal that the trial court abused its discretion in dismissing the prior strike conviction for purposes of the Three Strikes law. In defending the trial court's ruling, defendant relies on recently enacted Penal Code section 1385, subdivision (c) (§ 1385(c)), which directs trial courts to consider specified mitigating circumstances when deciding whether to dismiss an "enhancement" in furtherance of justice. (Stats. 2021, ch. 721, § 1, adding subdivision (c) to Penal Code section 1385.) Although Courts of Appeal have uniformly concluded that section 1385(c) does not apply to the decision whether to dismiss a prior strike conviction because the Three Strikes law is an alternative sentencing scheme, not an enhancement, defendant argues that newly enacted Assembly Bill No. 600 (2023-2024 Reg. Sess.) (A.B. 600)—which went into effect January 1, 2024— shows the Legislature intended section 1385(c) to apply in the context of the Three Strikes law.

We are not persuaded by defendant's arguments and conclude section 1385(c) does not apply to the decision whether to dismiss a strike under the Three Strikes law. And on the record in this case, we agree with the People that the trial court abused its discretion in dismissing the prior strike conviction because defendant cannot be deemed outside the spirit of the Three Strikes law.

The People also contend that the trial court abused its discretion in dismissing the five-year enhancement under section 667(a) and imposing the

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

2

middle term for the principal offense of home invasion robbery, but we find no abuse of discretion in these sentencing choices.

Accordingly, we reverse the order dismissing the prior strike conviction and remand for the trial court to resentence defendant as a person who has suffered one prior strike conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

*Current Offenses*

As we recounted in our opinion after defendant's first appeal, "Around 2:00 a.m. on October 18, 2017, Jess and Brandi Smith and their two daughters were asleep in their home in Santa Rosa when Jess and Brandi were awakened by their dog barking. When Jess got up to check on the dog, he discovered three or four men entering his dining room through a large window. The intruders all had pistols, and they were wearing hoodies pulled tight around their faces. Jess ran toward his bedroom and was tackled from behind. His attacker put Jess in a chokehold, held a .45 caliber pistol to his head, and forced him to his bedroom. Another man pointed a gun at Brandi. The intruders cursed and said, 'Where the fuck is it?' and ransacked their bedroom.

"Jess was dragged to the garage, where there was a safe containing jewelry and firearms, and told to open the safe. After Jess attempted and failed to open the safe, he was struck in the head with the pistol. Jess yelled out the combination; the men opened the safe but continued to demand, 'where is it?' Jess was part of a marijuana collective, and he realized the intruders were looking for marijuana. He showed them a key to a shed, and they dragged him outside to the shed where he pointed to boxes that contained marijuana. One of the men told Jess, 'shut up and lay here and I won't fucking shoot you,' and the men started grabbing things in the shed.

3

Eventually, the intruders left the shed, and Jess got up, ran to the front of the house, and saw a large SUV driving away.

"Meanwhile, the Smiths' daughters (ages 20 and 9 years old at the time) had been forced into a bathroom. Brandi was dragged into the bathroom with her daughters. After it became quiet in the house, the older daughter left the bathroom and ran to a neighbor's house, and the neighbor called 911." (*Dain*, *supra*, 2021 WL 6031474 at *1–2.)

Soon after the intruders left, defendant was pulled over for a traffic stop about a mile from the Smiths' house. In his vehicle, police found items that belonged to the Smiths, including a jewelry box, a bracelet, and 14 one-pound bags of marijuana. (*Dain*, *supra*, 2021 WL 6031474 at *2.)

*Convictions, First* Romero *Motion, and Original Sentence*

The jury convicted defendant of home invasion robbery (Pen. Code,[2] §§ 211, 213, subd. (a)(1)(A); count 1), kidnapping of Jess (§ 207, subd. (a); count 2), first degree burglary (§ 459; count 3), assault with a firearm of Jess (§ 245, subd. (a)(2); count 4), false imprisonment of Jess (§ 236; count 5), false imprisonment of Brandi (*ibid*.; count 6), false imprisonment of the older Smith daughter (*ibid*.; count 7), and of false imprisonment of the younger daughter (*ibid*.; count 8). As to counts 7 and 8, the jury found true the enhancement allegation that a principal in the offense was armed with a firearm. (§ 12022, subd. (a)(1).)

The trial court found true allegations that defendant was convicted of felony active participation in a criminal street gang in violation of section 186.22, subdivision (a) (§ 186.22(a)) in 2006 and again in 2007 and that both

---

[2] Further undesignated statutory references are to the Penal Code.

4

prior convictions were strikes under the Three Strikes law (§§ 667, subds. (d)–(i), 1170.12) and serious felony convictions under section 667(a).

The Probation Officer's presentence report (probation report) recommended that factors in aggravation prevailed as to all counts.[3] The report documented that defendant, then 33 years old, had an extensive criminal history. As a juvenile, he had sustained petitions for misdemeanor vandalism in 1998; misdemeanor theft in 1999; misdemeanor vandalism in 2001; misdemeanor theft in 2001; and misdemeanor resisting an officer in 2003, resulting at different times in community detention and various commitments, including several periods in Juvenile Hall. As an adult, defendant suffered convictions for misdemeanor theft in 2004; misdemeanor resisting an officer in 2005; misdemeanor driving in a willful or wanton disregard for safety of persons or property while fleeing a police officer in violation of Vehicle Code section 2800.2 in 2005; misdemeanor assault with a deadly weapon and felony active gang participation in 2006; felony possession of a firearm by a felon and felony active gang participation in 2007; misdemeanor false representation of identity to a peace officer in 2013; and felony violation of Vehicle Code section 2800.2, felony unlawful transportation of cannabis, and misdemeanor resisting an officer in 2014. For the 2006 convictions, committed when he was 20 years old, defendant was placed on three years' formal probation with nine months in jail. For his 2007 convictions, he was sentenced to six years in prison. Defendant was paroled in 2011 and was subsequently found in violation of parole numerous times, including three occasions for associating with gang members and one

---

[3] Without opposition from the parties, we have taken judicial notice of the probation report, which was part of the appellate record in *People v. Dain*, Appeal No. A157756, pursuant to Evidence Code section 452, subdivision (d).

5

occasion for possession of a firearm. For his 2014 convictions, defendant received a suspended sentence of five years, eight months, and was placed on three years' formal probation. He was on probation when he committed the current offenses.

Defendant was sentenced in June 2019. Defendant filed a *Romero* motion inviting the court to dismiss the prior strike convictions, which the trial court denied.

Explaining its ruling on the *Romero* motion, the court (Hon. Bradford DeMeo) stated the prior strike convictions from 2006 and 2007 could not be considered remote in time because they were not followed by "a clear period of law-abiding conduct." Noting the law disfavors dismissing strikes when "a person has a long and continuous criminal career," it found defendant had "a long history of criminal conduct," including "many misdemeanors . . ., parole violations, probation violations, and felonies." Considering the nature and circumstances of the current offenses, the court described a "terrorizing event" involving "a violent, home-invasion robbery with guns brandished, pointed at people's heads, point-blank range, yelling, grabbing people, hitting [Jess] with the gun, putting children into a bathroom, locking them in there with their mother, or at least guarding it, keeping them imprisoned in that when they had no idea what's happening to husband and father." The court observed that defendant "has been on probation, been on parole" and "[t]hat did not seem to discourage him from a life of violating the law and crime."

After denying the *Romero* motion, the court sentenced defendant to a determinate term of 30 years and a consecutive indeterminate term of 27 years to life in prison.

*First Appeal*

In defendant's original appeal, we found insufficient evidence to support the trial court's findings that defendant's prior convictions for active gang participation were strikes and serious felony convictions.[4] In addition, the parties agreed that the false imprisonment conviction involving kidnap of victim Jess (count 5) had to be reversed because it was a lesser included offense of the kidnapping conviction (count 2) and that 10 years of the determinate term were improperly imposed under section 667(a). We therefore vacated the sentence, reversed the conviction for count 5, reversed the findings that defendant had prior strike and serious felony convictions, and remanded the matter for retrial of the prior conviction allegations and for resentencing. (*Dain, supra*, 2021 WL 6031474 at *1.)

*Resentencing on Remand*

On remand, the prosecution elected to retry defendant's 2006 conviction for active gang participation, while conceding the 2007 conviction did not qualify as a prior strike conviction. The trial court (Hon. Robert LaForge)

---

[4] In 2006 and again in 2007, defendant pleaded no contest to active gang participation in violation of section 186.22(a). When defendant entered his pleas, "an individual could be convicted of violating section 186.22(a) as a sole perpetrator," but our high court later "clarified section 186.22(a) is not violated by a gang member acting alone [and] is violated only when an active gang member commits a felony offense with one or more members of his or her gang." (*People v. Strike* (2020) 45 Cal.App.5th 143, 146, citing *People v. Rodriguez* (2012) 55 Cal.4th 1125.) This change in the interpretation of section 186.22(a) meant that defendant's convictions, by themselves, were inconclusive as to whether they qualified as strikes. (*Strike*, at p. 150.) Following *Strike*, we therefore reversed the findings that defendant's 2006 and 2007 convictions of violation of section 186.22(a) qualify as strikes and serious felony convictions and remanded the matter to permit the prosecution to retry the allegations based on the record of the prior plea proceedings. (Dain, *supra*, 2021 WL 6031474 at *6.)

7

found the 2006 conviction qualified as a strike and serious felony conviction and that finding is not challenged on appeal.[5]

Defendant filed a *Romero* motion to strike the 2006 conviction for active gang participation. The People opposed the motion and filed a statement in aggravation.

At resentencing in June 2023, the trial court (Hon. Bradford DeMeo) began the hearing by announcing its intention to grant the *Romero* motion and impose middle terms for a sentence of eight years, eight months. The prosecutor expressed surprise, given that the court previously denied defendant's virtually identical *Romero* motion. The trial court responded that, in the four years since defendant's original sentencing in 2019, the "California legislature has made it very clear things are changing, the law is changing. . . . [A]nd there are some cases that have come down since then that have talked about the general nature of California's policy in these circumstances." The court continued, "[I]n my reflection of what the spirit of the law is, and we do try to apply it, I think the legislature has been very clear that things are different, remoteness does count and I think under the current case law it's appropriate to strike."

The trial court granted the *Romero* motion, striking defendant's prior conviction as a strike under the Three Strikes law and dismissed the enhancement under section 667(a). It sentenced defendant to eight years, eight months in prison composed of the middle term of six years for count 1, the home invasion robbery; eight months for count 6, false imprisonment of

---

[5] According to the probation report, the 2006 conviction was based on an incident in which four victims entered a restaurant and were confronted by defendant and three additional suspects. Defendant and his associates hit and kicked the victims while yelling gang epithets, and two of the victims were stabbed with a knife.

Brandi (one-third of the middle term of two years); one year for count 7, false imprisonment of the older daughter (eight months plus one-third the middle term of one year for the firearm enhancement); and one year for count 8, false imprisonment of the younger daughter (same calculation). The punishment for counts 2 through 4 was stayed under section 654.[6]

The People appealed. (§ 1238, subd. (a)(10) [appeal by the People may be taken from "imposition of a sentence based upon an unlawful order of the court which *strikes or otherwise modifies* the effect of an enhancement or *prior conviction*" (italics added)]; see *People v. Jordan* (1986) 42 Cal.3d 308, 312, fn. 2 [People's "[a]ppeal is authorized from an order reducing . . . the punishment imposed"].)

## DISCUSSION

A.    *Striking Defendant's Prior Convictions for Sentencing Purposes*

1.    <u>The Trial Court's Authority to Dismiss Prior Convictions</u>

In 1994, the Three Strikes law was enacted "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of one or more serious or violent felony offenses." (§ 667, subd. (b); *Romero, supra,* 13 Cal.4th at pp. 504–505.) The law "consists of two, nearly identical statutory schemes . . . . The earlier provision, which the Legislature enacted, was codified as section 667, subdivisions (b) through (i). The later provision, which the voters adopted through the initiative process, was codified as section 1170.12." (*Romero*, at p. 504.) Prior convictions for "serious" or "violent" felonies, as defined by the

---

[6] Dain's fallback position in his sentencing memo to the trial court was that if the trial court were to deny the motion to dismiss the prior strike, but dismiss the section 667(a) enhancement, and impose the middle term, the determinate sentence would be 16 years, 8 months.

9

Three Strikes law, are referred to as "strikes." (*People v. Henderson* (2022) 14 Cal.5th 34, 43–44.)

Section 1385, subdivision (a) (§ 1385(a)), authorizes a trial court to dismiss an action "in furtherance of justice" on its own motion. In 1996, the California Supreme Court in *Romero, supra*, 13 Cal.4th at page 504, held that section 1385(a) grants trial courts the power to dismiss prior strike convictions under the Three Strikes law. Hence, a request that the trial court exercise its discretion to dismiss a prior strike conviction is commonly referred to as a "*Romero* motion." (E.g., *People v. Carmony* (2004) 33 Cal.4th 367, 379 (*Carmony*).)

In 2019, the Legislature granted trial courts authority to dismiss section 667(a)'s five-year enhancement for a prior serious felony conviction. (Stats. 2018, ch. 1013, §§ 1–2; *People v. Garcia* (2018) 28 Cal.App.5th 961, 971.) Before 2019, a trial court was "required to impose a five-year consecutive term for 'any person convicted of a serious felony who previously has been convicted of a serious felony' (§ 667(a)), and the court ha[d] no discretion 'to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667.' " (*People v. Garcia*, at p. 971.)

Prior to 2022, section 1385 "did not provide direction as to how courts should exercise [their] discretion" to dismiss or strike enhancements. (*People v. Anderson* (2023) 88 Cal.App.5th 233, 238, review granted April 19, 2023, S278786.) But, effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (S.B. 81) amended section 1385 to specify mitigating circumstances courts must consider when deciding whether to strike enhancements in furtherance of justice. (Stats. 2021, ch. 721, § 1; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 16.)

10

S.B. 81 added subdivision (c) to section 1385 (Stats. 2021, ch. 721, § 1), which now provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so," and instructs the court to "consider and afford great weight to evidence offered by the defendant to prove . . . [specified] mitigating circumstances." Among the specified mitigating circumstances that "weigh[] greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety" is the circumstance that "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385(c)(2)(H).)

Here, at resentencing in June 2023, the trial court recognized that sentencing laws have changed since defendant was originally sentenced in 2019[7] and observed that "remoteness does count." And, as we have just described, the fact that an enhancement is based on a prior conviction that is over five years old is now a mitigating circumstance entitled to great weight in favor of dismissal under section 1385(c)(2)(H).

But section 1385(c), by its terms, applies only when a trial court is considering whether to dismiss "an enhancement," and a sentence under the Three Strikes law is not an enhancement. In *People v. Burke* (2023) 89 Cal.App.5th 237 (*Burke*), the Third District Court of Appeal recently

---

[7] The trial court was generally correct on this point. The Legislature recently declared it "has been engaged on a multiyear course correction" in respect to criminal sentencing following "the hyperpunitive policies enacted in the 1980s and 1990s, which led to the era of mass incarceration." (Stats. 2023, ch. 560, § 1.) In *People v. Avila* (2020) 57 Cal.App.5th 1134 (*Avila*), the court observed that the Legislature has recently changed sentencing laws and "redefin[ed] culpability for various crimes," and "these changes show that legislators and courts are reconsidering the length of sentences in different contexts to decrease their severity." (*Id.* at pp. 1150–1151.) However, the Legislature's recent "course correction" has not included any substantive amendment to the Three Strikes law itself.

concluded section 1385(c) does not apply to a decision whether to dismiss a prior strike conviction under the Three Strikes law, reasoning: "The term 'enhancement' has a well-established technical meaning in California law. [Citation.] 'A sentence enhancement is "an additional term of imprisonment added to the base term." ' [Citations.] It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense. [Citations.] We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law." (*Id.* at p. 243.)

We agree with the Third District's reasoning. Section 1385(c) does not apply to a decision whether to dismiss a strike because the subdivision "applies only to an 'enhancement,' and the Three Strikes law is not an enhancement." (*Burke*, *supra*, 89 Cal.App.5th at p. 244; accord *People v. Olay* (2023) 98 Cal.App.5th 60 [316 Cal.Rptr.3d 342, 346] (*Olay*) [applying *Burke*'s reasoning to section 1385, subdivision (c)(2)(G)].)

Furthermore, as to section 1385(c)(2)(H) in particular, requiring a court to treat the fact that a prior strike conviction is over five years old as a mitigating circumstance would conflict with the Three Strikes law itself. Section 667, subdivision (c)(3) (§ 667(c)(3)), of the Three Strikes law expressly provides, "The length of time between the prior serious or violent felony conviction and the current felony conviction *shall not* affect the imposition of sentence." (Italics added; see § 1170.12, subd. (a)(3) [same].) We do not presume the Legislature intended to repeal this provision when it enacted section 1385(c)(2)(H). (See *Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 637 ["Repeals by implication are disfavored"].) Thus, under section 667(c)(3), the bare fact that a prior strike conviction is over five years old

12

cannot be the basis for dismissing the strike. (See *People v. Strong* (2001) 87 Cal.App.4th 328, 342 [section 667(c)(3), "suggests, at a minimum, that remoteness alone cannot take a defendant outside the spirit of the very law that expressly rejects remoteness as a basis for avoiding the law"].)

2. <u>Assembly Bill No. 600</u>

After briefing was completed and the matter set for oral argument, defendant sent a letter notifying the court of A.B. 600, which amended section 1172.1 effective January 1, 2024. Defendant asserted this legislation was relevant to this appeal, and we asked the parties to submit supplemental briefing addressing how A.B. 600 might affect our analysis.

Section 1172.1 provides a recall and resentencing procedure that may be invoked when, for example, the Secretary of the Department of Corrections and Rehabilitation recommends resentencing. (§ 1172.1, subd. (a)(1); see *People v. Codinha* (2023) 92 Cal.App.5th 976, __ [309 Cal.Rptr.3d 842, 848, 850] [section 1172.1 grants the trial court authority to resentence as an exception to the general rule that the court has no jurisdiction to resentence a defendant after execution of a sentence; citing cases in which the Secretary recommended resentencing based on a subsequent change in sentencing law, a defendant's good behavior in prison, and a defendant's medical condition].) A.B. 600 amended section 1172.1 to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when "applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.)

While recognizing section 1172.1 does not apply in this case, defendant relies on the following language from the uncodified preamble to the amended statute: "It is the . . . intent of the Legislature that courts have full

discretion in resentencing proceedings pursuant to Section 1172.1 of the Penal Code to reconsider past decisions to impose prior strikes. The list of factors considered in People v. Superior Court (Romero) (1996) 13 Cal.4th 497, is not exhaustive. Courts should consider Section 1385 of the Penal Code, postconviction factors, or any other evidence that continued incarceration is no longer in the interests of justice." (Stats. 2023, ch. 446, § 1, para. (b).)

Defendant argues that the Legislature's statement in A.B. 600 undermines *Burke*'s reasoning and suggests the Legislature intended section 1385(c) to apply to decisions whether to dismiss prior strike convictions. We disagree. As our colleagues in Division Five recently observed, the *Burke* court relied on the canon of statutory construction, " 'when a word used in a statute has a well-established *legal* meaning, it will be given that meaning in construing the statute.' " (*Olay*, *supra*, 98 Cal.App.5th at p. ___ [316 Cal.Rptr.3d at p. 346], quoting *Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 19.) We do not believe an uncodified declaration in a subsequent law amending a different statute demonstrates the Legislature intended the term "enhancement" as used in section 1385(c) to refer to something other than its well-established legal meaning. (Cf. *Olay*, *supra*, at p. ___ [316 Cal.Rptr.3d at p. 347] ["we are skeptical the Legislature would have expressed an intent to reject the well-established legal meaning of 'enhancement' in such a roundabout manner by obliquely referencing 'juvenile adjudications' as one of the relevant mitigating circumstances"].)

Moreover, the People correctly observe that section 1385(c) cannot be construed in a manner that amends the Three Strikes law. This is because the Legislature may only amend the Three Strikes law "by statute passed in each house by rollcall vote entered in the journal, two-thirds of the

14

membership concurring" (§§ 667, subd. (j), 1170.12, subd. (g); see Cal. Const., art. II, § 10, subd. (c)), but neither S.B. 81 (which added section 1385(c)) nor A.B. 600 (which includes the Legislative declaration defendant relies on) passed by two-thirds of the membership. (Sen. Daily J. (Sept. 9. 2021) p. 2553 [S.B. 81]; Assem. Daily J. (Sept. 8, 2021) p. 2941 [S.B. 81]; Sen. Daily J. (Sept. 13, 2023) p. 2704 [A.B. 600]; Assem. Daily J. (Sept. 13. 2023) p. 3470 [A.B. 600].)

"An amendment is a legislative act designed to change an existing initiative statute by adding or taking from it some particular provision." (*People v. Cooper* (2002) 27 Cal.4th 38, 44.) Here, even if we found defendant's argument about A.B. 600 persuasive (we do not), we would reject his construction of section 1385(c) because applying section 1385(c)(2)(H) to a decision whether to dismiss a strike would unconstitutionally amend the Three Strikes law by taking away section 667(c)(3)'s provision that "[t]he length of time between the prior [strike] conviction and the current felony conviction shall not affect the imposition of sentence." (Cf. *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, 985 [rejecting an interpretation of a statute that would result in the unconstitutional repeal of Proposition 36 as to certain inmates].)

3.     Applicable Law and Standard of Review

Now that we have determined section 1385(c) does not apply to a trial court's decision whether to dismiss a prior strike conviction under the Three Strikes law, we consider the case law that does govern such a decision.

In *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*), our high court offered the following guidance: "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal

Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id*. at p. 161.) A trial court may "give 'no weight whatsoever . . . to factors extrinsic to the [Three Strikes] scheme.' " (*People v. Garcia* (1999) 20 Cal.4th 490, 498 (*Garcia*), quoting *Williams*, at p. 161.)

In *Carmony*, our high court emphasized that the Three Strikes law "not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so." (*Carmony*, *supra*, 33 Cal.4th at p. 378.) The court described the *Williams* guidance as "*stringent* standards that sentencing courts must follow in order to find" a defendant outside the scheme's spirit. (*Carmony*, at p. 377, italics added.) More recently, the high court reiterated, "[T]he Three Strikes law establishes a 'strong presumption' in favor of a harsher sentence and requires the court to explicitly articulate its reasoning if it is to depart from a harsher sentence by granting the *Romero* motion." (*People v. Salazar* (2023) 15 Cal.5th 416, ___ [315 Cal.Rptr.3d 295, 307] [citing *Williams* and *Carmony*].)

A trial court's decision whether to dismiss a prior strike conviction is reviewed for abuse of discretion. (*Williams*, *supra*, 17 Cal.4th at p. 162.) "This standard is deferential," "[b]ut it is not empty. . . . [I]t asks in substance whether the ruling in question 'falls outside the bounds of reason' under the applicable law and the relevant facts." (*Ibid*.)

In *Williams*, defendant Williams had two prior strike convictions (for attempted robbery and rape) and was currently charged with driving under the influence. (*Williams*, *supra*, 17 Cal.4th at pp. 152–153.) After Williams entered a guilty plea, the trial court vacated one of the two strikes and sentenced Williams as though he had only one prior strike conviction, and the People appealed. (*Id.* at pp. 156–157.)

The California Supreme Court concluded the trial court abused its discretion in vacating one of the strikes. (*Williams*, *supra*, 17 Cal.4th at p. 162.) The court explained, "There is little about Williams's present felony, or his prior serious and/or violent felony convictions, that is favorable to his position. Indeed, there is nothing." (*Id.* at p. 163.) His current felony for driving under the influence followed three other convictions for driving under the influence, and "[t]he record on appeal [wa]s devoid of mitigation" related "to his prior serious and/or violent felony convictions." (*Ibid.*) Nor did Williams's background, character, or prospects show he was outside the spirit of the Three Strikes law given that he was unemployed and, in the 13 years since he suffered his prior strike convictions, "he was often in prison or jail; when he was not, he violated parole and, apparently, probation and committed [further misdemeanor and felony] offenses." (*Ibid.*) Under these circumstances, the decision to strike one of Williams' prior strike convictions "fell outside the bounds of reason under the applicable law and the relevant facts." (*Id.* at p. 164.)

In contrast to *Williams*, *Garcia*, *supra*, 20 Cal.4th 490, provides an example of circumstances under which dismissing a prior strike conviction may be in furtherance of justice. In *Garcia*, the defendant was convicted of two counts of burglary and found to have five prior strike convictions. (*Id.* at p. 493.) As to one of the current counts of burglary, the trial court "struck all

17

the prior conviction allegations" at sentencing. (*Id*. at p. 495.) In deciding to strike the prior strike convictions, the trial court considered the facts that the "defendant's prior convictions all arose from a single period of aberrant behavior for which he served a single prison term," that he "cooperated with police, [that] his crimes were related to drug addiction, and [that] his criminal history d[id] not include any actual violence." (*Id*. at p. 503.) Our high court concluded, "Cumulatively, all these circumstances indicate that 'defendant may be deemed outside the [Three Strikes] scheme's spirit,' at least 'in part,' and that the trial court acted within the limits of its section 1385 discretion." (*Ibid*.)

    4.    <u>Analysis</u>

The present case is much more akin to *Williams* than *Garcia*. Here, as in *Williams*, there is nothing favorable to defendant about his current or prior convictions or his background, character, or prospects. According to the probation report, defendant "stopped attending school because he 'started going to jail a lot,' " and he was unemployed from 2004 to 2014. In the 11 years between his prior strike conviction in 2006 and his current offenses committed in 2017, defendant was on probation, in prison, on parole, and on probation. Like the defendant in *Williams*, defendant violated parole and committed additional misdemeanor and felony offenses after suffering the strike conviction. Unlike the defendant in *Garcia*, defendant's prior conviction was not the result of a single period of aberrant behavior, there is no suggestion that he cooperated with the police or that his crimes are

18

related to drug addiction, and both his current convictions and his prior strike conviction involved violence.[8]

"[T]he circumstances must be '*extraordinary . . .* by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack.' " (*Carmony, supra*, 33 Cal.4th at p. 378, italics added.) There is nothing about the nature and circumstances of the present felonies and the prior strike conviction or the particulars of defendant's background, character, and prospects that suggests defendant could be deemed outside the spirit of the Three Strikes law.

In granting the *Romero* motion, the trial court cited "remoteness." However, as we have seen, remoteness, by itself, cannot be the basis for dismissing a prior strike conviction. (§ 667(c)(3); *People v. Strong, supra*, 87 Cal.App.4th at p. 342.) It is true that a remote conviction may be dismissed if it is followed by a long crime-free period evidencing rehabilitation. As explained in *People v. Humphrey* (1997) 58 Cal.App.4th 809, "In criminal law parlance, this is sometimes referred to as 'washing out.' [Citations.] The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*Id.* at p. 813 [reversing the trial court's dismissal of a strike because "the defendant has led a continuous life of crime

---

[8] As the trial court observed at defendant's original sentencing, the current convictions involved a home-invasion robbery in which defendant's accomplices pointed guns at the victims' heads and one victim was hit with a gun. The prior strike conviction involved defendant and associates hitting and kicking multiple victims, and one of defendant's associates also stabbed two of the victims.

19

after the prior, there has been no 'washing out' and there is simply nothing mitigating about a 20-year-old prior"].)  But "older strike convictions do not deserve judicial forgiveness unless the defendant has used them as a pivot point for reforming his ways." (*People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1107–1108 [reversing the trial court's dismissal of one of two prior strike convictions where the defendant "failed to reform his behavior during the decade-plus that elapsed between his first strike conviction and his third strike conviction"].)

Here, it cannot be said that defendant reformed his ways after his strike conviction.  To the contrary, he continued to commit crimes, was sent to prison, was paroled, violated parole, committed further crimes, and was on probation when he committed the current offenses.  Under these circumstances, the mere fact that defendant's prior strike conviction was 11 years old cannot justify granting his *Romero* motion.

The trial court also stated that the "California legislature has made it very clear things are changing, the law is changing," and, in considering "what the spirit of the law is, . . . I think the legislature has been very clear that things are different. . . ."  However, the court was not free to dismiss the strike based on a perceived change in the "spirit" of sentencing laws in general when the Three Strikes law itself has not changed.  (See *Garcia, supra*, 20 Cal.4th at p. 498 ["the court could give 'no weight whatsoever . . . to factors extrinsic to the [Three Strikes] scheme' "].)  The issue before the court was "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects," defendant could "be deemed out the scheme's spirit" (*Williams, supra*, 17 Cal.4th at p. 161), but other than the remoteness of the strike offense, the court cited nothing about defendant's

particular circumstances that conceivably would take him outside the spirit of the Three Strikes law.

Defendant relies on *Avila*, *supra*, 57 Cal.App.5th 1134, to support the trial court's decision, but his reliance is misplaced. In *Avila*, defendant Avila was sentenced to 25 years to life in prison, plus 14 years, for attempted second degree robbery and attempted extortion; the convictions were based on two incidents in which Avila approached street vendors selling oranges, demanded money, and "squashed" or "stomped on" bags of oranges. (*Id*. at pp. 1138–1139.) The Court of Appeal concluded, although "Avila indeed may be deserving of a lengthy sentence," "no reasonable person could agree that the sentence [of life in prison] imposed on Avila was just." (*Id*. at pp. 1144–1145.) *Avila* is easily distinguished. Defendant's crimes of home-invasion robbery, kidnapping, and assault with a firearm are much more severe, dangerous, and violent than Avila's crimes of "destroying fruit" (*id*. at p. 1151), and, even so, defendant does not face a life sentence under the Three Strikes law, as did Avila. The reasoning of *Avila* does not help defendant.

In sum, we conclude the trial court abused its discretion in granting defendant's *Romero* motion. Striking his prior strike conviction under the circumstances of this case " 'falls outside the bounds of reason' under the applicable law and the relevant facts." (*Williams*, *supra*, 17 Cal.4th at p. 162.)

5. The Section 667(a) Enhancement

The People assert, "For these same reasons, the court's decision not to impose the 5-year enhancement as required by Section 667(a) is also an abuse of discretion." To the extent the People intend to separately challenge the dismissal of the enhancement under section 667(a), their bare assertion violates California Rule of Court, rule 8.204(a)(1)(B), which requires each

21

point to be raised under a separate heading or subheading and to be supported by argument.

In any event, the "same reasons" do not show the trial court abused its discretion in dismissing the enhancement under section 667(a) because this decision is governed by section 1385(c), while the decision whether to dismiss a prior strike conviction under the Three Strikes law is not. In the present case, defendant's "prior conviction . . . is over five years old," which is a mitigating circumstance that "weighs greatly in favor of dismissing the enhancement." (§ 1385(c)(2)(H).) Given this statutory guidance in favor of dismissal, we cannot say it was an abuse of discretion for the trial court to dismiss the prior conviction for purposes of section 667(a) based on the remoteness of the conviction.

B.    *Imposing the Middle Term*

The People also contend the trial court abused its discretion in imposing the middle term for the principal offense of home-invasion robbery. Under the determinate sentencing law, the trial court is limited to imposing "a sentence not to exceed the middle term," except in certain circumstances. (§ 1170, subd. (b)(1).) "The court *may* impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (b)(2), italics added.) And "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Id.*, subd. (b)(3).)

The People argue an upper term was "justified" in this case based on defendant's criminal history alone.  But the law does not *require* the imposition of an upper term when an aggravating circumstance exists.  The People cite no cases in which a trial court was found to have abused its discretion by declining to impose an upper term, and they fail to show abuse of discretion here.  (See *Carmony*, *supra*, 33 Cal.4th at pp. 376–377 [the burden is on the appellant to clearly establish the sentencing decision was irrational or arbitrary].)

## DISPOSITION

The trial court's order striking the prior strike conviction is reversed.  The matter is remanded with directions to reinstate the strike finding and to resentence defendant as a person who has suffered a prior strike conviction under the Three Strikes law.

 

_____
Miller, J.

WE CONCUR:


_____
Stewart, P.J.


_____
Richman, J.


A168286, *People v. Dain*

24

Court:  Sonoma County Superior Court

Trial Judge:  Hon. Bradford DeMeo

Carla C. Rodriguez, District Attorney, Anne C. Masterson, Chief Deputy District Attorney, Sarah A. Brooks, Deputy District Attorney, for Plaintiff and Appellant

Mi Kim, under appointment by the Court of Appeal, for Defendant and Respondent

A168286, *People v. Dain*